HENSLEY v. COOLEY ET AL.

[No. 370S61. Filed July 29, 1970. No petition for rehearing filed.]

[redacted]

*John V. Hampton,* Muncie, for Appellant, *Edward Dixon,* Muncie, for Appellees.

ARTERBURN, J.—This as an action of mandate to compel the reinstatement of appellant as a member of the Police Department of the City of Muncie. He was employed as a probationer in September, 1968. This was done pursuant to the statute, Burns' Ind. Stat. Anno. § 48-6279, which provides for a probationary period of one year. After six and one-half months of service the appellant was called before the Merit Commission of the Police and Fire Departments of the City of Muncie for a hearing on charges of incapacity to serve properly as a policeman. Thereafter he was informed in a letter as follows:

". . . the commission feels the man in-compatibility from a physical point of view prevents his full function as a police officer."

The appellees demurred to the appellant's complaint and the court sustained the demurrer. The appellant having refused to plead over, the court rendered judgment against the appellant. From this decision the appeal is taken.

The sole issue before us is whether the Merit Commission had the authority to make a determination as to appellant's physical ability to serve during the probationary period or whether or not this was the proper function of the Board of Trustees of the Pension Fund. Burns' Ind. Stat. Anno. § 48-6279 provides in part:

*"Probationary period—Permanent appointment.* Every appointment to the police and fire department shall be for

a probationary period of one [1] year of actual service. *If at any time during the probationary period the conduct or capacity of the probationer is found not to be satisfactory, which fact shall be determined by the commission,* the probationer shall have the right of hearing without the right of appeal and shall be notified in writing by the commission the date and time of such hearing. Retention of a probationer in the service of the respective department, after the expiration of the probationary period shall be equivalent to and shall constitute his final and permanent appointment. [Acts 1963, ch. 141, § 20, p. 144." (Emphasis added)

and Burns' § 48-6281 provides in part as follows:

> "*Pension rights and privileges unaffected.*—Nothing in this act [§§ 48-6260—48-6285] shall be construed to alter, change or amend the pension provisions, rights and privileges provided to members of the police or fire department in such cities of the second class as are now or hereafter provided to such members under the laws of Indiana. [Acts 1963, ch. 141, § 22, p. 144.]"

It is the contention of appellant that Burns' Ind. Stat. Anno. § 48-6403 (2) is however applicable, and it reads as follows:

> "(2) To the payment of a pension in such sum, not in excess of fifty per cent [50%] of the salary received by a first-class patrolman, as may be decided by the board of trustees as to any member of such police force who may be *retired from active service* upon physical examination by the police surgeon or other surgeon to be appointed by said board of trustees, where it is found that such member has *suffered or contracted any disease, mental or physical or any disability which renders such member unfit for active duty* on such police force, or for any duty in such police department, *such disability to be determined solely by said board of trustees* after examination and hearing, and after due notice to such member, as provided in this clause for reinstatement in the service of such police force of any such retired member, and such members shall be retained on active duty with full pay until so retired by said board of trustees because of such disability, as aforesaid: *Provided, however, That after any such member shall have been so retired upon pension, the board of trustees shall have the right at any time, to cause such retired member again to be brought before it and examined by the police surgeon or other surgeon to be appointed by said board of trustees*

*and thereupon to determine whether such disability still exists and whether such retired member shall remain on the pension roll,* but such retired member shall be retained on the pension roll until reinstated in the service of the police force, except in the case of resignation. If upon such examination and hearing such retired member shall be found to have recovered from his disability and to be again fit for active duty, then such member shall again be put on active duty with full pay and from that time he shall cease to be entitled to any payments out of such pension fund. At such hearing, the board of trustees shall have the right to examine witnesses, and if necessary, to subpoena same, and the retired member shall be entitled to due notice of the time and place of such hearing and to be present at the same and to propound any question pertinent or relevant to the question of his disability and to introduce evidence upon his own behalf as to such question and for that purpose to subpoena witnesses in the same manner as the board of trustees may subpoena witnesses, as aforesaid. All witnesses so produced shall be examined under oath and any member of such board of trustees is hereby authorized to administer such oath. If, upon such hearing, the board of trustees shall decide that such retired member is then fit for active duty and shall order such member to return to active duty and if such member fails or refuses so to do, he shall thereupon and thereby waive any and all right to any further benefits of said fund." (Emphasis added)

In 1963 the citizens of the City of Muncie elected to adopt a so-called "Merit Law." The main purpose of this act was to take the appointment and discharge of policemen and firemen from the Board of Public Works and Safety where the tenure was uncertain for political reasons. In its place a "Merit Commission" was provided for in the new optional law. One of the main innovations of the "Merit Law" was that the new policemen and firemen were hired for a probationary period and their performance was subject to scrutiny by the commission for a full year before they became regular policemen or firemen. The reasons for this probationary period are quite obvious. The Merit Commission appears to have been given broad powers in its supervision of policemen and firemen during the probationary period of one year. We feel

an interpretation of the "Merit Law" and the Pension and Disability Statute for Policemen and Firemen must give consideration to the legislative objective. It is our judgment and opinion that the Pension and Disability Law is applicable only to the permanent and regular appointees of the Police and Fire Department and not to the probationary members until they have acquired regular status and have met the full one year probationary requirement. It is obvious to us that some physical disabilities and physical incapacities which an appointee has prior to probationary appointment may not reveal themselves until after an appointment on probation, and it would be obviously unjust and unfair to place upon the taxing unit the burden of paying a disability to such a probationer for an incapacity that existed prior to appointment.

Counsel on both sides have failed to present to us any basic authority to guide us in our interpretation and we have been unable likewise to find any authority. We can only be guided by what we think is the objective of the legislature in the enactment.

For the reasons stated, we find the trial court's interpretation of the statute is correct and the judgment should be affirmed.

Hunter, C.J., Jackson, Givan and DeBruler, JJ., concur.

NOTE.—Reported in 260 N. E. 2d 598.